**Jose Antonio ANTUNEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72158.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Bita L. Hoffman, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Jose Antonio Antunez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

An intervening change in the law requires us to remand the petition. Antunez alleged that his 1999 departure to Mexico was not under threat of removal. For purposes of his decision, the IJ accepted Antunez's version of events as true and concluded that even if his 1999 departure was not knowing and voluntary, it broke his accrual of continuous physical presence. Our intervening decision in *Ibarra–Flores* held to the contrary. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006) (holding that voluntary departure under threat of deportation breaks

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the removal). Accordingly, we grant the petition for review and remand for reconsideration in light of *Ibarra–Flores*.

In light of our disposition, we need not reach Antunez's due process challenge.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.